UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CATARINO CASTRO GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>CURRENT OR ACTING SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | Case No. 19-cv-07019-VC   (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 2, 3, 6 |

Jose Catarino Castro Gomez, a detainee in immigration custody at the Yuba County Jail, located in Yuba, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 claiming his prolonged detention without a hearing is unconstitutional. Gomez's motions for leave to proceed in forma pauperis are granted (docket nos. 2, 6).

The Court has jurisdiction to hear this case because named defendant Erik Bonnar, Acting Director of the San Francisco Field Office of United States Immigration and Customs Enforcement, is the proper respondent. *See Saravia v. Sessions*, 280 F.Supp. 3d 1168, 1187 (N.D. Cal. 2017) (where a readily identifiable federal official exercises more immediate control over a contract facility than the Attorney General or other department head, that official is the proper respondent).

Gomez has also filed a motion for appointment of counsel. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.

Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

The Court finds that due process concerns and the interests of justice do not require appointment of counsel at this time. Therefore, Gomez's motion is DENIED. This denial is without prejudice to the Court's sua sponte reconsideration should it find appointment of counsel is necessary following consideration of the merits of Gomez's claims.

It does not appear from the face of the petition that it is clearly without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the United States Attorney for the Northern District of California in San Francisco. The Clerk also shall serve a copy of this Order on Gomez.

2. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Gomez an Answer, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of any record that are relevant to a determination of the issues presented by the petition. If Gomez wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Gomez a motion to dismiss on procedural grounds in lieu of an Answer. If Respondent files such a motion, Gomez shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Gomez a reply within fourteen days of receipt of an opposition.

4. It is Gomez's responsibility to prosecute this case. He must keep the Court

informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

6. This order terminates docket numbers 2, 3 and 6.

**IT IS SO ORDERED.**

Dated: December 19, 2019

VINCE CHHABRIA
United States District Judge